UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------x
M. CLAUDIA GAROFALO,                :
                                    :           CASE NO.:
            Plaintiff,              :
                                    :
vs.                                 :           Judge:
                                    :
                                    :
O & E LEASING LLC and               :           Magistrate:
SHOGUN INTERNATIONAL, INC.          :
                                    :
            Defendants.             :
-------------------------------------------------------x
```

## COMPLAINT

Plaintiff, M. CLAUDIA GAROFALO, by and through her undersigned counsel, hereby files this Complaint and sues O & E LEASING LLC and SHOGUN INTERNATIONAL, INC. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, M. CLAUDIA GAROFALO, (hereinafter referred to as "MS. GAROFALO"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. GAROFALO resides in Orleans Parish on Adams Street, New Orleans, Louisiana 70118.

6. MS. GAROFALO is a qualified individual with a disability under the ADA and the LCHR. MS. GAROFALO is a paraplegic due to a spinal cord injury.

7. Due to her disability, MS. GAROFALO is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, O & E LEASING LLC, a Louisiana limited liability company doing business in Jefferson Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: Shogun, 2325 Veterans Memorial Boulevard, Metairie, LA 70002 (hereinafter "the Property").

9. Upon information and belief, SHOGUN INTERNATIONAL, INC., a Louisiana business corporation doing business in Jefferson Parish, is the owner and operator of Shogun, the business that operates at the Property.

10. Upon information and belief, the Property is a restaurant.

11. MS. GAROFALO has visited to the Property to dine.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

14. MS. GAROFALO realleges and reavers Paragraphs 1 - 13 as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 2325 Veterans Memorial Boulevard, Metairie, Louisiana 70002.

16. Upon information and belief, MS. GAROFALO has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MS. GAROFALO'S most recent visit to the Property prior to filing this original Complaint was on August 4, 2024.

18. During this visit, MS. GAROFALO was unable to use the bathroom at the Property because the path to the women's restroom is too narrow for a wheelchair.

19. During her most recent visit MS. GAROFALO spoke with an employee at the Property and informed them that the bathroom was not accessible.

20. MS. GAROFALO has visited the Property several times in the past to dine and has notified restaurant staff on previous visits of the inaccessibility of the bathroom.

21. MS. GAROFALO continues to desire to visit the Property but will continue to experience serious difficulty due to the inaccessibility of the women's bathroom, which is still the case.

22. MS. GAROFALO lives within a close geographic proximity of the Property. MS. GAROFALO'S house is less than seven miles from the Property.

23. MS. GAROFALO plans on returning to the Property to dine.

24. MS. GAROFALO intends to and will visit the Property to utilize the goods and services in

the future, but fears that she will encounter the same barriers to access which are the subject of this action.

25. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against MS. GAROFALO due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    The women's bathroom is inaccessible due to a narrow alcove and narrow doorway;

        B.    The designated-accessible parking spaces at the Property contain an improperly steep slope;

        C.    The designated-accessible parking spaces at the property contain access aisles that are improperly steep, contain improper changes in level, and are cracked and in disrepair;

        D.    The ramp leading from the designated-accessible parking spaces to the facility's entrance lacks handrails and/or edge protection;

        E.    Other mobility-related ADA barriers to be identified following a complete inspection.

26. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

27. Upon information and belief, removal of the discriminatory barriers to access located on

the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

28. Upon information and belief, removal of the barriers to access located on the Property would provide MS. GAROFALO with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

29. MS. GAROFALO has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. GAROFALO is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

30. MS. GAROFALO repeats and realleges all preceding paragraphs in support of this claim.

31. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

32. At all times relevant to this action, MS. GAROFALO has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

33. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and

accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

34. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

35. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

36. DEFENDANTS discriminated against MS. GAROFALO, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 25 of this Complaint.

37. MS. GAROFALO deems herself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

38. MS. GAROFALO is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

**PRAYER FOR RELIEF**

WHEREFORE, MS. GAROFALO demands judgment against DEFENDANTS, and

requests the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. GAROFALO pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. GAROFALO pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
      gdereus@bizerlaw.com
      eva@bizerlaw.com